IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

RICHARD HOWARD BEALL, JR. #13801 *

    Plaintiff, *

v. * Case No.: GJH-17-423

ADAM HOCKNER *

    Defendant. *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Richard Howard Beall, Jr. is an inmate at Clifton T. Perkins Hospital Center in Jessup, Maryland ("Perkins"). Beall was involuntarily committed to the Maryland Department of Health and Mental Hygiene on February 3, 2014, after the District Court for Carroll County found him not criminally responsible on a charge of second degree assault. ECF No. 7-2 at 1; *see also Beall v. Ujoatuonu*, Civil Action No. GJH-16-3438 (D. Md.). Beall has been diagnosed with schizoaffective disorder bipolar type. His mental health history includes ideations of grandiosity, threats of violence, assaultive behaviors and medication noncompliance. He is in a maximum-security unit at Perkins. *See* ECF No. 7-2 at 2.

His Complaint was initially filed against numerous defendants, all of whom have since been dismissed except for Defendant Adam Hockner. Beall claims that excessive force was used against him on February 7, 2017, between 11:00 and 11:30 a.m., when he was placed in a restraint chair. ECF No. 1 at 3. He claims that he suffered back, neck, arm, and wrist pain. *Id.* In his supplement to the Complaint, Beall states that he was "attacked near the water fountain" by Defendant. ECF No. 4 at 4. Beall claims "they" placed him in a chair with his neck in a position

where he could not breathe. *Id.* As relief, he requests $25 million and for NATO troops and the National Guard to close Perkins. *Id.*[1]

Pending before this Court is Defendant's Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment, ECF No. 7, to which Beall has filed an opposition, ECF No. 9.[2] Upon review of the pleadings and exhibits, the Court finds that a hearing is unnecessary to resolve the pending Motion. *See* Local Rule 105.6 (D. Md. 2016). For reasons to follow, Defendant's Motion, ECF No. 7, is granted.

## I. STANDARD OF REVIEW

Defendant's Motion is styled as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) or, in the Alternative, for Summary judgment under Fed. R. Civ. P. 56. If the Court considers materials outside the pleadings, as it does here, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, as is the case here, and the nonmoving party attaches exhibits to its opposition, the nonmoving party is aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports. Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating that the

---

[1] Beall expresses a number of other fanciful ideas in his filings unrelated to his claim of excessive force. In *Beall v. Ujoatuonu*, Civil Action No. GJH-16-3438 (D. Md.), this Court recently considered whether appointment of a guardian ad litem was necessary for Beall to pursue that case. For the same reasons discussed in the Memorandum Opinion in that case, the Court concludes that Beall may continue in the present action as a self-represented litigant.
[2] The opposition is largely unresponsive to Defendant's dispositive motion. ECF No. 9. The Court takes notice that Daniel Lanahan, who assisted Beall in writing the opposition, is a frequent *pro se* litigant in the District of Maryland.

2

court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre- or post-discovery).

Beall was served with a copy of Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and provided with a notice, which advised him of the pendency of the motion and that he was entitled to respond. *See* ECF No. 7, ECF No. 8. The Court is satisfied that it is appropriate to address Defendant's Motion as one for summary judgment

Granting summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), 56(a); *see also Celotex*, 477 U.S. at 322. The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv., Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23.

A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248). A dispute of material fact is only genuine if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). The Court may only rely on facts supported in the record, not simply

assertions in the pleadings, in order to fulfill its "affirmative obligation ... to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v., Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 324–25). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## II. DISCUSSION

In his Motion, Hockner argues that he is immune from suit in his official capacity under the Eleventh Amendment, ECF No. 7-1 at 3; that Beall has not sufficiently pleaded a claim against him, *id.* at 4; that even if the Complaint does state a claim, he is entitled to qualified immunity, *id.* at 8; and that he is entitled to summary judgment, *id.* at 10.

### A. Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution bars a suit in federal court against a State, one of its agencies or departments, or one of its officials acting in an official capacity, without a valid abrogation or waiver of the State's sovereign immunity. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989); *Pennhurst State School & Hospital v. Haldeman*, 465 U.S. 89, 100 (1984); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).

The Defendant asserts, and Plaintiff does not dispute, that he is "State personnel" as defined by Md. Code Ann., State Gov't. §12-101(a)(11). Because the State of Maryland has not waived its sovereign immunity, a suit brought in federal court for money damages against him in his official capacity is an action against the State of Maryland and is barred by the Eleventh Amendment. Accordingly, all monetary claims against Hockner in his official capacity will be dismissed.

4

## B. Due Process

In determining whether a substantive right protected by the Fourteenth Amendment's Due Process Clause has been violated, it is necessary to balance "the liberty of the individual" and "the demands of an organized society." *Youngberg v. Romeo*, 457 U.S. 307, 319 (1982) (quoting *Poe v. Ullman*, 367 U.S. 497, 542 (1961)). The Due Process Clause requires the State to provide involuntarily committed patients with such services as are necessary to ensure "reasonable safety" from themselves and others. Under *Youngberg*, the State "may not restrain residents except when and to the extent professional judgment deems this necessary to assure . . . safety or to provide needed training." 457 U.S. at 324. The State must "provide adequate safe conditions, reasonable freedom from bodily restraint, and 'minimally adequate or reasonable training to ensure safety and freedom from undue restraint.'" *Williams v. Wasserman*, 937 F. Supp. 526 (D. Md. 1996) (quoting *Youngberg*, 457 U.S. at 319).

In determining whether a claim may exist in such circumstances, the Court applies the "professional judgment" standard, in which "the Constitution only requires that the Court make certain that professional judgment in fact was exercised." *Youngberg*, 457 U.S. at 321. Decisions made by professionals are presumptively valid and "liability may be imposed only when the decision by the professional is such a *substantial departure* from . . . professional judgment, practice, or standard as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323 (emphasis added). In applying this standard, the Fourth Circuit has held that a defendant's actions must have "so substantially departed from professional standards that their decisions can only be described as arbitrary and unprofessional." *Patten v. Nichols*, 274 F.3d 829, 843 (4th Cir. 2001).

Defendant has submitted records in support of his dispositive motion which indicate that on February 7, 2017, at 10:40 a.m., Beall received his pain medication (oxycodone), but did not ingest it. ECF No. 7-3 at 1. Beall walked away from the medication window and placed the medicine in his pocket. *Id.* At 11:40 a.m., Beall was placed in a restraint chair after he threatened to kill several staff members, including a nurse and a member of the security staff, and exhibited self-injurious behavior, including ripping off the cast on his hand. *Id.* at 1–2.[3] Beall was loud and cursed "Fuck you all niggers, I will kill you all." *Id.* at 2. When staff approached Beall to restrain him, he assaulted Hockner with "a head butt to the right face." *Id.*; *see also* ECF No. 7-4. Hockner states that as he was escorting Beall to the restraint room with "a 2 arm take," and that while reaching for the right arm, Beall lunged forward and struck him with his head on the right cheek. ECF No. 7-4 at 3. Beall was placed in a chair restraint to calm him down and to prevent injury to himself and to others. ECF No. 7-3 at 2.

Defendant argues that Beall fails to allege facts to demonstrate that he substantially departed from professional standards. ECF No. 7-1 at 7. Defendant notes that Maryland law and Perkins Policy permit the use of restraint when a patient poses a serious and immediate danger. COMAR 10.21.12.03.[4] Defendant asserts that placing Beall in the restraint chair was justified because Beall was exhibiting self-injurious behavior and threatening to kill staff members. *Id.* at 8. Beall does not dispute that he became uncontrollably angry, that he threatened to kill staff, that he was peeling off his cast, or that he started yelling racial curses, all of which are supported by the record.

---

[3] Beall had a cast on his hand, from an injury unrelated to the restraint incident.
[4] COMAR 10.21.12.03A provides that staff shall use a restraint only to: (1) Prevent and reduce serious, destructive, and damaging actions by a patient to the patient or to another; (2) Prevent serious disruption of the therapeutic environment. Defendant also references Perkins Restraint Procedure, but did not submit a copy of that procedure in this case. The Court notes, however, that the institutional restraint procedure filed in *Beall v. Ujoatuonu*, Civil Action No. GJH-16-3438 (D. Md.), ECF No. 10-10, provides that restraint "is used only as an emergency measure to prevent imminent physical harm to the patient and to others." *Id.* at 1.

6

Under these circumstances, Beall's actions created a risk to himself and to others, and his placement in the restraint chair was necessary to limit that risk. Beall resisted placement in restraints, and in so doing, injured Defendant. Apart from Beall's unverified allegation that his neck was pushed back (and he does not state by whom), there is no evidence that Beall sustained an injury as a result of his placement in the restraint chair. *See* ECF No. 7-5 (Medical Record, February 7, 2017, no mention of injury other than Beall's removal of the case on his hand.). Where, as here, there is no genuine dispute as to any material fact, Defendant is entitled to judgment as a matter of law where the facts indicate that Defendant did not violate Beall's Due Process rights.

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion for Summary Judgment is granted. A separate Order shall issue.

Dated: March 16, 2018

GEORGE J. HAZEL
United States District Judge